```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| **BRIAN ROAKE,**<br><br>             Plaintiff,<br><br>     v.<br><br>**FOREST PRESERVE DISTRICT OF COOK COUNTY, KELVIN POPE, JOHN ROBERTS, ANTHONY RAPACZ, and KEINO ROBINSON,**<br><br>             Defendants. | Case No. 15 C 8949<br><br>Judge Harry D. Leinenweber |

# ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim [ECF No. 14]. For the reasons stated herein, the Motion is granted.

# STATEMENT

The Court previously dismissed this case with leave to refile, giving the Plaintiff an opportunity to cure the defects in his Complaint. He refiled, but the defects remain. The Court draws the following facts from the First Amended Complaint and assumes they are true. The Plaintiff, Brian Roake ("Roake"), was an officer of Defendant Forest Preserve District of Cook County ("the Forest Preserve"). Roake was bothered by another Forest Preserve officer's "habit of conducting racial profiling traffic stops." (First Amend. Compl. at ¶ 10.) Roake brought his concerns about racial profiling to a superior at an October 2013 meeting, but he was rebuffed.

On December 31, 2013, Roake was off duty, and he received permission from his sergeant to throw a New Year's Eve party, with champagne, at the Forest Preserve station. Roake brought the champagne and threw the party under the supervision of his sergeant.

Shortly thereafter, the Forest Preserve initiated disciplinary proceedings against Roake for his participation in the party. It is unclear what policy the Forest Preserve believed had been violated, but Roake implies it may have concerned alcohol on the premises. Regardless, one of the Defendant officers, Anthony Rapacz ("Rapacz"), questioned Roake about his involvement in the New Year's Eve party; Roake countered by asking why the Forest Preserve was not taking action to prevent racial profiling. Roake spoke to Rapacz once more about the matter on January 22, 2014; again, there was no response to his concerns.

The next month, Roake heard from another officer that a woman and two children were out in the Forest Preserve, after hours, in below freezing temperatures. According to Roake, the Forest Preserve leadership did nothing about this incident, but Roake told the officer that he should report it to the Department of Children and Family Services ("DCFS"). When the officer contacted DCFS on Roake's suggestion, that officer was "written up for contacting Roake" by the Forest Preserve leadership. That series of events doesn't make much sense, but drawing all inferences in Roake's favor, the Court assumes that the Forest Preserve disapproved of Roake's advocating that another officer report possible child neglect to DCFS. Roake later complained to Rapacz about the treatment of the reporting officer.

Meanwhile, Roake's disciplinary proceedings advanced to a "pre-termination hearing" on February 7, 2014. The individual officer Defendants attended, and the panel upheld charges (presumably charges related to alcohol on the premises) against Roake. Roake saw "the handwriting on the wall," and resigned rather than be fired. The Chief of the Forest Preserve Police promised that he would not discuss the charges against Roake to any prospective employers. Other officers involved in the New Year's Eve party were given written reprimands or suspended for a short amount of time. A sergeant was terminated, but Roake claims that the sergeant was not similarly situated to him.

Roake contends that the reason for the disciplinary proceedings – the New Year's party – was a pretext, and that the Forest Preserve was

really retaliating against him for his protected speech about the misconduct of other employees. After resigning, Roake applied for positions in other police departments, but he learned that the Forest Preserve told at least one prospective employer about the disciplinary incident. Roake brings claims pursuant to Section 1983, for violation of his First Amendment Right to Free Speech and Fourteenth Amendment Right to Due Process. He also brings a claim under the Illinois Whistleblower Act.

Roake has added very little substance to his Amended Complaint. First, Roake's free speech claim, as pleaded, cannot survive the Supreme Court's decision in *Garcetti v. Ceballos,* 547 U.S. 410 (2006). The inquiry into whether Roake's speech received First Amendment protection is one of law and not fact. *See, Spiegla v. Hull,* 481 F.3d 961, 965 (7th Cir. 2007). There are two categories of speech at issue: one involving Roake's complaints about another officer's racial profiling in traffic stops, and another about Roake's suggestion to a second officer that he contact DCFS about children in the Forest Preserve after hours. The Court assumes that this speech was the true reason Roake was fired and that the concerns over the party were indeed pre-textual.

*Garcetti* held that the First Amendment does not apply to statements that public employees make "pursuant to their official duties." *Garcetti,* 547 U.S. at 421. On all occasions in question, Roake spoke or complained about conduct of Forest Preserve officers and performance of their official duties. Racial profiling in traffic stops is clearly misconduct in one's capacity as an officer. Regarding the children in the area after hours, Roake's suggestion to another officer about how to handle that situation also related to his duty to police the forest. Notably, in each instance, Roake spoke to a co-worker or a supervisor. When an employee reports on matters to a supervisor within the usual channels of his employment, that is an indication that the employee speaks according to his official duties. *See, Spalding v. City of Chicago,* 24 F.Supp.3d 765, 776 (N.D. Ill. 2014).

Roake seems to believe that because his speech related to accusations of serious misconduct, the speech is automatically elevated to a matter of public concern within the First Amendment's ambit. But that belief is contrary to a mountain of Seventh Circuit precedent applying *Garcetti*. Speech about a co-worker's misconduct, when related to the job and made through the usual chain of command (for example, made to a supervisor and not to CNN), remains speech pursuant to a public employee's official duties and outside the scope of the First Amendment. *See, e.g., Vose v. Kliment,* 506 F.3d 565, 571 (7th Cir. 2007); *Spiegla v. Hull,* 481 F.3d 961, 967 (7th Cir. 2007); *Morales v. Jones,* 494 F.3d 590, 594-95, 598 (7th Cir. 2007).

Roake also relies heavily on a Seventh Circuit case, *Gustafson v. Jones,* which cautioned that usually, the district court should not conduct a *Pickering* balancing analysis before an opportunity for some discovery. *See, Gustafson v. Jones,* 117 F.3d 1015, 1019 (7th Cir. 1997). The cautionary language is inapplicable here, as the Court is not relying on *Pickering*. *Gustafson* predates the Supreme Court's decision in *Garcetti* by almost 10 years, so it did not address the question of whether a public employee's speech was made pursuant to his official duties. Roake ignores the central weakness of his case. The First Amendment retaliation claim fails as a matter of law.

Roake's "Count II – Deprivation of Plaintiff's Reputation" fails for the same reason it did before. Actions brought pursuant to 42 U.S.C. § 1983 must be brought to vindicate a right granted by the Constitution or another federal statute, and Roake doesn't invoke any such Constitutional or statutory provision. It is counsel's job, not the Court's, to construct a coherent complaint for the Plaintiff. Moreover, the Due Process Clause of the Fourteenth Amendment (if that's what Roake meant to invoke) generally does not protect a person's reputational interest. *See, Willan v. Columbia Cnty.,* 280 F.3d 1160, 1163 (7th Cir. 2002). Count II fails.

Count III alleges that Defendants violated Roake's right to due process under the Fourteenth Amendment by depriving him of the ability to find other employment. Roake alleges that the Defendants effected this deprivation through a lie: they told a prospective employer that

Roake consumed alcohol while *on duty* at the Forest Preserve. Roake emphasizes that he was not on duty at the time of the celebration, and the Court accepts his account as true. Even assuming the Defendants defamed Roake, defamation alone is not enough; the Defendants' actions must "distinctly alter or extinguish a right or status previously recognized by state law." *Hinkle v. White,* 793 F.3d 764, 770 (7th Cir. 2015). This is true even if defamation "*renders it virtually impossible for the individual to find new employment in his chosen field*." *Id*. (emphasis added). Roake has not suggested that the Defendants distinctly altered or extinguished his rights within the meaning of *Hinkle* and related case law. He therefore fails to state a claim under Count III.

The Court grants Defendants' Motion to Dismiss [ECF No. 14]. Because Plaintiff's claims under federal law fail, the Court relinquishes supplemental jurisdiction over the Illinois Whistleblower claim. 28 U.S.C. § 1367(c)(3); *RWJ Mgt. Co., Inc. v. BP Prods. N. Am. Inc.,* 672 F.3d 476, 478 (7th Cir. 2012).

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: June 28, 2016